**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-01883-CMA-BNB

GARY LARRIEU,

    Plaintiff,

v.

BEST BUY STORES, L.P.,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on Defendant Best Buy's Motion for Summary Judgment (Doc. # 35). For the following reasons, Defendant's Motion is granted.

## I. BACKGROUND

**A.   FACTS**[1]

On October 20, 2008, Plaintiff Gary Larrieu purchased a freezer at one of Defendant's retail stores. (Doc. # 35, ¶ 4.) The next day, Plaintiff and his daughter drove to Defendant's warehouse in Aurora, Colorado to pick up the freezer. (*Id.,* ¶ 7.) Plaintiff drove a truck with an attached trailer so that he would be able to transport the freezer in an upright position. The trailer had a tailgate that weighed approximately

---

[1] Unless otherwise noted, the following facts are undisputed and taken from the parties' briefs and attached exhibits.

seventy-five pounds and was made of metal strips spaced sufficiently apart so that an individual could see through the gate.  (Doc. # 35, ¶ 12.)  When Plaintiff arrived at the warehouse, Defendant's employee, Mr. Monroe, told him that the freezer would need to be loaded onto the trailer using a hand truck instead of a forklift because of the gate.  (Doc. # 35, ¶ 13.)  After Plaintiff informed Mr. Monroe that the gate was removable, (Doc. # 39-1 at 8:19-20), Plaintiff and Mr. Monroe lifted the gate off the trailer, each lifting one end because the gate was too heavy to be lifted by one person.  (Doc. # 35-1 at 18:8-10.)  Walking backward while carrying his end of the gate, Plaintiff tripped over a curb, causing him to fall and the gate to fall on top of him.  (*Id.* at 23:16-23.)  As a result of the accident, Plaintiff sustained a compression fracture of his lumbar spine.

**B.    PROCEDURAL HISTORY**

On August 6, 2010, Plaintiff filed a complaint in Colorado State court, alleging that Defendant violated Colorado's premises liability statute, Col. Rev. Stat. § 13-21-115.  (Doc. # 1-1.)  Subsequently, Defendant removed the case to federal court on diversity grounds pursuant to 28 U.S.C. § 1332.  (Doc. # 1.)  On April 7, 2011, Defendant filed the instant Motion for Summary Judgment.  (Doc. # 35.)  Plaintiff responded on April 28, 2011, and Defendant replied on May, 9, 2011. (Docs. ## 38, 39.)

## II. STANDARD OF REVIEW

The purpose of a summary judgment motion is to assess whether trial is necessary.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Fed. R. Civ. P. 56(c) provides that summary judgment shall be granted if "the pleadings, the discovery

and disclosure of materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson*, 477 U.S. at 252.

"The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). The "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] by simply pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. After the movant has met its initial burden, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of the claim such that a reasonable jury could find in its favor. *See Anderson*, 477 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which, as mentioned, the Court views in the light most

favorable to the nonmovant.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324).  However, conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence.  *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

### III.  ANALYSIS

Plaintiff brings a single claim against Defendant under Colorado's premises liability statute, which provides that "[i]n any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another and by reason of the condition of such property, or activities conducted or circumstances existing on such property, the landowner shall be liable only as provided in subsection (3) of this section."  Colo. Rev. Stat. § 13-21-115(2).  Under subsection (3) of the statute, a landowner's duty depends on whether the plaintiff is a trespasser, licensee, or invitee.  Plaintiff, as an invitee,[2] "may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which he actually knew or should have known."  Colo. Rev. Stat. § 13-21-115(3)(c)(I).  This statute provides "the exclusive specification of the duties owe to those injured on their property."[3]  *Vigil v. Franklin*, 103 P.3d 322, 328 (Colo. 2004)*.*

In this case, Plaintiff alleges that he was injured on Defendant's property by

---

[2]  It is undisputed that Plaintiff is an invitee within the meaning of the premises liability statute.

[3]  It is undisputed that Defendant is a landowner within the meaning of the premises liability statute.

reason of an "activit[y] conducted" on the property, *i.e.*, walking backwards while carrying a heavy gate.  This case turns on whether this activity constitutes an activity conducted on Defendant's property within the meaning of the premises liability statute.  Defendant contends that it cannot be held liable under the premises liability statute because the activity is not inherently related to the land and summary judgment is therefore warranted.[4]  In response, Plaintiff asserts that activities need not be inherently related to the land to hold landowners liable under the statute.  For the following reasons, the Court agrees with Defendant that the premises liability statute imposes liability on landowners only for activities inherently related to the land.  Thus, Defendant's Motion for Summary Judgment should be granted because the activity that caused Plaintiff's injury was not inherently related to the land.

In arriving at this determination, the Court first looks to the statute's plain language.  *Vigil*, 103 P.3d at 327 (noting that courts' primary duty in interpreting statutes "is to give effect to the intent of the [Colorado] General Assembly.").  The term "activities conducted" is not defined in the statute.  Because the plain language of the statute is ambiguous, the Court must look to the legislative history, to the legislative declaration or purpose, and to common law.  *Id.*  By enacting the premises liability statute, the Colorado General Assembly intended to reestablish traditional distinctions of premises liability after a Colorado Supreme Court decision had eliminated the distinction between the duties owed to trespassers, licensees, and invitees.  *Vigil,* 103 P.3d at 326.  In

---

[4] Defendant also argues that summary judgment is warranted because Plaintiff has not provided evidence sufficient to demonstrate that Defendant knew or should have known of the dangerous condition.  However, the Court need not reach this issue because summary judgment is warranted on other grounds.

reestablishing these distinctions, the Colorado General Assembly sought to provide landowners with greater protection from liability than had existed at common law. *See* Colo. Rev. Stat. § 13-21-115(1.5)(e). Traditionally, defendants could only be held liable as landowners for those activities that were "inherently related to the land - construction, landscaping or other activities treating the land." *Geringer v. Wildhorn Ranch, Inc.*, 706 F. Supp. 1442, 1446 (D. Colo. 1988) (holding that a landowner's negligent supply of chattel did not impose liability under the premises liability statute because it was not an activity inherently related to the land). As the premises liability statute seeks to provide landowners with greater protection from liability than at common law, Plaintiffs's argument that the statute does not limit landowner liability to activities inherently related to the land is squarely at odds with legislative intent.[5] As walking backward while carrying a gate is not an activity inherently related to the land, and Plaintiff has conceded that the curb was not an inherently dangerous condition of the land, the Court finds that there exists no basis for liability under the premises liability statute in this case.

Similarly, in *Giebink v. Fischer,* 709 F. Supp 1012 (D. Colo. 1989)*,* the court considered whether one of the defendants, a ski resort, could be held liable under the premises liability statute for its employee's negligent ski instruction and supervision of a guest who collided with, and injured, the plaintiff.[5] *Giebink* held that the defendant

---

[5] Plaintiff has failed to cite any authority that supports their theory that any activity occurring on Defendant's property subjects Defendant to liability under Colo. Rev. Stat. § 13-21-115.

[5] Plaintiff contends that the *Geringer* and *Giebink* decisions should be disregarded. First, Plaintiff notes that these cases were decided before the most recent amendment of the

ski resort could be found liable for the poor conditions on the ski slopes, but not for the alleged negligent supervision and instruction of a skier because ski instruction is not an activity inherently related to the land.  *Id.* at 1017.  Just as negligent ski instruction is not inherently related to the land, guiding a person who is walking backward while carrying a heavy gate is also not inherently related to the land.

For the foregoing reasons, the Court finds that the phrase "activities conducted or circumstances existing on such property" refers only to those activities and circumstances that are inherently related to the land.  Concluding otherwise would subject landowners to broad potential liability in contravention of legislative intent. Furthermore, the Court finds that even if Mr. Monroe's had an obligation to properly guide Plaintiff as he walked backwards with a heavy gate, his failure to do so is not an activity inherently related to the land.  Thus, as a matter of law, Plaintiff cannot recover from Defendant under the premises liability statute.

---

statute. However, both the current enactment of the statute and the version addressed in *Geringer* and *Giebink* contain the provision at issue.  Plaintiff also notes that these cases were decided before the Colorado Supreme Court's decision in *Vigil*, which found that the premises liability statute is the exclusive remedy against landowners.  103 P.3d at 325.  The Court does not perceive how *Geringer* and *Giebink* are inconsistent with *Vigil*.  Although the Court is not bound by these decisions, they appear to remain good law and their reasoning is persuasive.

## IV. **CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiff has failed to meet his burden of providing sufficient evidence for each essential element of his claim and summary judgment is warranted.

Accordingly, IT IS ORDERED THAT Defendant's Motion for Summary Judgment (Doc. # 35) is GRANTED. Plaintiff's Amended Motion for Partial Summary Judgment and Motion to Strike Defendant's Designation of Non-Party at Fault (Doc. # 37) is DENIED AS MOOT. This case is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Final Trial Preparation Conference, set for September 2, 2011, and the five-day Jury Trial, set to commence on September 12, 2011, are VACATED.

DATED: July __27__, 2011

BY THE COURT:

_Christine M Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge