**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-01883-CMA-BNB

GARY LARRIEU,

    Plaintiff,

v.

BEST BUY STORES, L.P.,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO STRIKE DEFENDANT'S DESIGNATION OF NONPARTY AT FAULT**

---

This matter is before the Court on Plaintiff Gary Larrieu's motion for partial summary judgment and motion to strike defendant's designation of nonparty at fault. (Doc. # 37.) For the following reasons, Plaintiff's motion is denied.

## I. BACKGROUND

**A.   FACTS**[1]

On October 20, 2008, Plaintiff purchased a freezer at one of Defendant's retail stores. (Doc. # 35, ¶ 4.) The next day, Plaintiff and his daughter drove to Defendant's warehouse in Aurora, Colorado to pick up the freezer. (*Id.,* ¶ 7.) Plaintiff drove a truck with an attached trailer so that he would be able to transport the freezer in an upright position. The trailer had a tailgate that weighed approximately seventy-five pounds and

---

[1] Unless otherwise noted, the following facts are undisputed and taken from the parties' briefs and attached exhibits.

was made of metal strips spaced sufficiently apart so that an individual could see through the gate.  (Doc. # 35, ¶ 12.)  After Plaintiff informed Mr. Monroe that the gate was removable,[2]  (Doc. # 39-1 at 8:19-20), Plaintiff and Mr. Monroe lifted the gate off the trailer, each lifting one end because the gate was too heavy to be lifted by one person.  (Doc. ## 35-1 at 18:8-10; 37-3 at 50:9-11.)  Walking backward while carrying his end of the gate, Plaintiff tripped over a curb, causing him to fall and the gate to fall on top of him.  (Doc. # 40, ¶ 10.)  As a result of the accident, Plaintiff sustained a compression fracture of his lumbar spine.

**B.     PROCEDURAL HISTORY**

On August 6, 2010, Plaintiff filed a complaint in Colorado state court, alleging that Defendant violated Colorado's premises liability statute, Col. Rev. Stat. § 13-21-115. (Doc. # 1-1.)  Subsequently, Defendant removed the case to federal court on diversity grounds pursuant to 28 U.S.C. § 1332.  (Doc. # 1.)  On December 7, 2010, Defendant filed a Designation of Non-Party at Fault, which identified the Gateway Industrial Two, LLC ("Gateway"), the owner of the building and land where the alleged incident occurred, as a nonparty that may be wholly or partially at fault.  (Doc. # 20.)  Plaintiff moved to strike the designation and, in the alternative, for partial summary judgment against Gateway (Doc. ## 36, 37), Defendant responded on May 10, 2011, and Defendant replied on May 15, 2011. (Doc. ## 40, 41.)

---

[2] The parties dispute whether Plaintiff or Mr. Monroe decided to remove the gate.

## II. DISCUSSION

**A.   MOTION TO STRIKE DEFENDANT'S DESIGNATION OF NONPARTY AT FAULT**

Plaintiff first contends that the Court should strike Defendant's nonparty designation because it is insufficient. Defendant designated Gateway pursuant to Colo. Rev. Stat. § 13-21-111.5, which allows a defendant to designate as a nonparty at fault an individual or entity "wholly or partially at fault" for the damages alleged by the plaintiff in civil liability cases. Section 13-21-111.5(3)(b) provides in relevant part:

> Negligence or fault of a nonparty may be considered if . . . the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action. . . . The notice shall be given by filing a pleading in the action designating such nonparty and setting forth such nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault.

This designation ensures that parties found liable will not be responsible for more than their fair share of the damages. *Stone v. Satriana,* 41 P.3d 705, 708-09 (Colo. 2002). Before the finder of fact may consider the negligence or fault of a nonparty, the issue must be properly raised by a defendant in a pleading that complies with Colo. Rev. Stat. § 13-21-111.5(3). *Thompson v. Colo. & E. R.R. Co.,* 852 P.2d 1328, 1330 (Colo. App. 1993).

The premises liability statute replaces a common law claim of negligence if Gateway is a landowner. *See Collard v. Vista Paving Corp.,* 292 P.3d 1232, 1238 (Colo. App. 2012); *Wilson v. Marchiondo*, 124 P3d 837, 840 (Colo. App. 2005). Although the parties dispute Gateway's status as a landowner for summary judgment

3

purposes, [3] the designation was sufficient to put Plaintiff on notice of its potential landowner status. To qualify as a landowner, one must, "at the time of the accident, be (1) an authorized agent or a person in possession of real property, or (2) a person legally responsible for the condition of real property or for the activities conducted on real property." *Collard*, 292 P.3d at 1238 (citations omitted). The designation states that Gateway is the owner of the building and land and is responsible for the ongoing maintenance of the premises. (Doc. # 20.) In conjunction with the designation's other language, this sufficiently puts Plaintiff on notice that Gateway may be a landowner who is liable for his injuries under the premises liability statute. *See* Colo. Rev. Stat. § 13-21-115(3)(c) ("[A]n invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers or which he actually knew or should have known.") Plaintiff argues that Defendant's designation is insufficient because "Defendant has failed to demonstrate how Gateway breached its duty since there is no evidence that the curb was in and of itself a dangerous condition." (Doc. # 37 at 8.) However, Defendant need not produce **evidence** of the claim or prove negligence; to designate a nonparty, Defendant needs to provide only sufficient support for its belief of nonparty negligence. *Redden v. SCI Colorado Funeral Servs., Inc.*, 38 P.3d 75, 81 (Colo. 2001); *Sandoval v. Archdiocese of Denver,* 8 P.3d 598, 606 (Colo.

---

[3] As discussed *infra*, the Court also determines that Gateway is a landowner as defined by the premises liability statute. Therefore, except to the extent pertinent to a premises liability claim, the Court declines to address Plaintiff's arguments regarding whether Defendant's designation pled negligence, as that claim is subsumed by the premises liability claim. *See Vigil v. Franklin*, 103 P.3d 322, 332 (Colo. 2004) (premises liability statute sets forth the sole basis for private landowner liability).

App. 2000). Therefore, the Court declines to strike Defendant's designation of a nonparty at fault.

**B.     MOTION FOR PARTIAL SUMMARY JUDGMENT**

In the alternative, Plaintiff moves for partial summary judgment on Defendant's designation of Gateway as a nonparty at fault.

1.     Standard of Review

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs.*, *Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential

element of that party's claim. *Adler v Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

  2. <u>Discussion</u>

Much of Plaintiff's argument for partial summary judgment rests on the assertion that Defendant's designation is improper because it does not conform to Plaintiff's theory of his case. (*See* Doc. # 37.) However, Defendant is entitled to assert an alternate theory of liability, including one which places the responsibility on another party based on a different legal duty. *See Union Pacific R. Co. v. Martin,* 209 P.3d 185, 190 (Colo. 2009) (landowner was entitled to assert an affirmative defense of comparative negligence and liability of a nonparty). This is the proper use of designating a nonparty at fault—to apportion responsibility for a plaintiff's injuries among those who are liable. *See id.* at 189 ("The legislative decision to apportion damages according to fault reflects a broad policy choice . . . to reject the imposition of full liability on one who bears only partial responsibility."); *Stone,* 41 P.3d at 708-09 (designation

ensures that parties found liable will not be responsible for more than their fair share of the damages). Plaintiff provides no authority for his assertion that Defendant was required to mimic the theory of liability asserted in Plaintiff's complaint. Moreover, Plaintiff's argument that his complaint does not assert that the curb is dangerous does not trigger Defendant's burden to present evidence that the curb was dangerous in order to defend against summary judgment.[4]

Plaintiff also argues that summary judgment is appropriate because Gateway was not in possession of the premises at the time of the incident and therefore is not a landowner within the meaning of the premises liability statute. The statute defines "landowner" as follows:

> For purposes of this section, "landowner" includes, without limitation, an authorized agent or a person in possession of real property and a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property.

§ 13–21–115(1).

Plaintiff's argument that Gateway was not a landowner because it was not in possession of the premises unnecessarily narrows the breadth of the statute's plain language. Indeed, the statute not only pertains to any person in possession of real property, but also someone who is legally conducting activity or creating a condition

---

[4] To the extent Defendant includes within this broader argument one sentence stating, "Defendant has failed to offer any evidence to support the curb as a dangerous condition or that Gateway contributed to Plaintiff's injuries in any manner," summary judgment is not appropriate on this basis. Defendant clarifies that its theory of Gateway's liability is that the placement, design, or maintenance contributed to Plaintiff's injury. (Doc. 40 at 13.) Plaintiff may, of course, raise the issue of whether there is sufficient evidence to attribute liability to Gateway in a motion *in limine*, at the jury instruction conference, or in a motion for a judgment as a matter of law. Therefore, although summary judgment against Gateway is not appropriate at this time, these claims may still not reach the jury.

7

on the property and therefore responsible for that activity or condition. *Pierson v. Black Canyon Aggregates, Inc.*, 48 P.3d 1215, 1220 (Colo. 2002). Here, Defendant contends that "Gateway designed the parking and loading area, including the subject curb" (Doc. # 40 at 130), and it is undisputed that Gateway prepared the plans and specifications for the premises and maintained the parking and drive areas, including the area in which Plaintiff tripped and fell. (*Id.* at 6, ¶ 11.) This is sufficient to demonstrate that Gateway is a landowner within the meaning of the premises liability statute. *See Perez v. Grovert*, 962 P.2d 996, 998-99 (Colo. App. 1998) (General Assembly, in enacting the premises liability statute, did not change the common law rules that a lessor may owe a duty under some circumstances if the dangerous condition existed at the time possession was transferred or after transferring possession, lessor retained control over the portion of the premises where the condition existed.) Therefore, based on the information before the Court at this time, Gateway is a landowner within the meaning of the statute and summary judgment is not appropriate on this basis.[5]

---

[5] The Court is likewise not persuaded by Plaintiff's argument that Gateway's potential liability should not be considered because he is not able to recover damages from Gateway. Under Colorado law, even a person who is immune from suit may be a nonparty designee, for purposes of apportioning negligence, so long as the nonparty owes a duty of care to the injured plaintiff. *Doering ex rel. Barrett v. Copper Mountain, Inc.*, 2001, 259 F.3d 1202, 1215 (10th Cir. 2001).

### III.   CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's motion for partial summary judgment and motion to strike defendant's designation of non-party at fault (Doc. # 37) is DENIED.

DATED:  September  09 , 2013

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge